# District Court For Baltimore County

JEFFREY STEINBACH
12 Creek Side Court
Middle River, MD 21220
an individual

      Plaintiff

            v.

Jury Trial  03-C-11-10912

ERSI Equitable Recovery Solutions, Inc.
215 W. Elm Street
Suite 102
Sycamore, IL 60178

Trans Union LLC
CSC Lawyers Incorporated Services
7 St Paul St. Suite 1660
Baltimore, MD 21202

      Defendants

2011 SEP 24 P 2:0...

---

NOW COMES the Plaintiff, Jeffrey Steinbach, files this complaint

for damages against the above named Defendants, Equitable

Recovery Solutions, Inc. and Trans Union LLC for their violations of

the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act

(FDCPA) and the Maryland Consumer Debt Collection Act (MCDCA).

## PARTIES

1.    Jeffrey L. Steinbach (Plaintiff) an individual, is a consumer as

defined in the FDCPA and lives in Baltimore County, Maryland.

**FILED**  NOV 03 2011

C.W.

2.      Equitable Recovery Solutions, Inc. (ERSI) is a debt collector as defined by the FDCPA who is an unlicensed collector of debt in the State of Maryland and an unregistered Corporation doing business in Maryland who is headquartered at 215 W. Elms Street, Suite 102, Sycamore, IL 60178.

3.      Trans Union LLC (Trans Union) is a consumer reporting agencies as defined by the FCRA who actively conducts business in the State of Maryland and is a Corporation headquartered at 555 W. Adams St., 6th Fl. Chicago, IL 60661-3719.

## CASE STATEMENT

1.      On December 3, 2010 Plaintiff received a demand for payment dated November 30, 2010 from Defendant ERSI.

2.      ERSI claimed it purchased a Bank of America account of the Plaintiff from another debt collector, Ousley Financial Group, LLC.

3.      Plaintiff did not recognize the claimed account nor either of the debt collectors and therefore sent ERSI a letter dated 12/09/2011 asking for proof that the claimed account belonged to the Plaintiff and ask that no information be entered into the Plaintiff's Credit Reports.

4.      Plaintiff was concerned when ERSI refused to respond to the Plaintiff's request and decided to request a copy of all three credit reports which were received in the middle of January 2011.

2.

5.    Upon receipt of these reports, Plaintiff found Equitable had accessed the Plaintiff's Credit History from Trans Union and left its Inquiry in a section accessible to all the Plaintiff's Creditors and potential lenders, for a period of two years, including a statement that the inquiry was a "Collection Credit Report Inquiry" negatively impacting the Plaintiff's credit.

6.    Plaintiff decided to notify Trans Union that ERSI had gained access to the Plaintiff's credit information without a "permissible purpose" and was directed via Trans Union's internet icon to write "Trans Union Fraud Victim Assistance" which was done on January 15, 2011 notifying them of the security breach, demanding an immediate investigation, asking for the immediate removal of the negative entries and to provide all information in the Plaintiff's Trans Union file.

7.    Plaintiff then sent another letter to ERSI on 1/22/2011 requesting validation of the alleged debt and demanded they contact Trans Union and have the 4 inquiry entries removed, they refuse to respond.

8.    Trans Union made a decision to ignore the Plaintiff's request, refused to investigate the violations, and failed to notify other Credit Bureaus of the breach of the plaintiff's credit history as required by the FCRA.

9.    After one month, having not heard anything from Trans Union,

3.

Plaintiff sent a follow-up letter to Trans Union's headquarters demanding response to the Plaintiff's previous demand letter reiterating the requests. This time Trans Union notified other credit bureaus, but never contacted the Plaintiff. They refused to conduct an investigation, refused to remove the credit damaging entries, and refused to provide any information in the Plaintiff's file.

10.    Plaintiff made two follow-up calls to Trans Union notifying them of the illegal breach of the Plaintiff's confidential credit history by ERSI, informing them that ERSI refused to communicate with the Plaintiff, requesting the inquiry entries be removed and asking for an investigation. In both calls, including discussions with a supervisor, the Plaintiff was told Trans Union would not investigate nor remove the entries.

## **VIOLATION COUNT ONE**

1.    ERSI who has violated Maryland's state laws regarding the registration and licensing of debt collectors and who's Better Business Bureau accreditation has been revoked for refusing to address consumer complaints, attempted to defraud the Plaintiff by demanding payment for a debt not owed by the Plaintiff while knowing they had no legal claim, no proof of ownership, no financial agreement and no credit card agreement, violated the FDCPA.

2.    ERSI misrepresented the character, amount, and legal status of

the alleged debt, its claimed ownership, the Plaintiff's indebtedness to ERSI, it's right to add interest and the amount claimed. FDCPA 807(2)(A)

3.   Equitable violated the FDCPA when it communicated false information to Trans Union and failed to notify Trans Union that the Plaintiff disputed ERSI's claimed right to access the Plaintiff's credit history, adding entries of inquiry. FDCPA 1692e Section 807(8) & (10)

## VIOLATION TWO

1.   ERSI violated the FCRA Section 604 (A)(3) when it accessed the Plaintiff's Credit history without a permissible purpose, causing injury to his credit and credit score.

2.   ERSI violated the FCRA when it entered inaccurate information in the form of its listed inquiry, not only presenting its name known in the credit business as a debt collector, but stated the inquiry was a Debt Collection Inquiry Report, resulting in defamation and financial injury to the Plaintiff. FCRA section 623 (a)(1)(A)

3.   ERSI further failed to notify Trans Union that their entry had been disputed by the Plaintiff. FCRA Section 623 (a)(3).

4.   ERSI further violated the FCRA when it failed to notify Trans Union that the access was inappropriate and when they failed to request the entries removed.

### Violation Three

1.     ERSI violated the MCDCA Section when it attempted to enforce

a right with knowledge the right did not exist by claiming and

attempting to collect a debt which did not exist, when it illegally

accessed the Plaintiff's credit history under false pretenses, when it

negatively affected the Plaintiff's credit by intentionally leaving a two

year record of its access on the Plaintiff's Trans Union Credit Report

while knowing the information was false. These actions caused the

Plaintiff extreme emotional distress and mental anguish.  MCDCA

Section 4-202(8)

2.     ERSI also violated the Laws of the State of Maryland when it

engaged in collection activities without being registered, violating the

Maryland Collection Agency Licensing Act as well as not being

registered to due business in the State of Maryland.

### Violation Four

1.     Trans Union violated the FCRA when it gave access to the

Plaintiff's credit history, to an entity who failed to present any valid

information or documentation supporting its right to access the

Plaintiff's Credit History ("Permissible Purpose") therefore failing to

follow reasonable procedures. FCRA 607 (a)(b) section 1681e(b)

2.     Trans Union violated the FCRA when it failed to immediately

place security notices on the Plaintiff's Trans Union Credit Report,

failed to provide the alert and credit score and failed to immediately

notify the other Credit Bureaus (Experian and Equifax). FCRA 605A.

(a)(1)(A)(B)

3.   Trans Union violated the FCRA when it refused to investigate

entries placed on the Plaintiff's credit report and violated the FCRA

when it failed to respond to the Plaintiff's written dispute within 30

days. FCRA 611 (a)(1)(A)

4.   Trans Union violated the FCRA when it failed to give Prompt

Notice of Dispute to ERSI and notify them of the specifics of the

dispute. FCRA 611 (a)(2)(A) & (B)

5.   Trans Union violated the FCRA when it failed to send a written

notice to the Plaintiff regarding the status of the requested

investigation and the contents of that investigation if any

investigation was actually conducted. FCRA 611 (a)(6)(A) & (B)

6.   Trans Union violated the FCRA when it refused to correct the

inquiry entry placed on the Plaintiff's Credit Report by ERSI.

7.   Trans Union violated the FCRA when it refused to divulge all the

information in the Plaintiff's Trans Union credit file. FCRA 609 (a)(1)

### Pray for Relief

Plaintiff respectfully prays that this Court award the following

damages to the Plaintiff and against Defendant, Equitable and Trans

Union for their respective violations of the FDCPA, FCRA and the

7.

MCDCA:

    1. Award damages established at trial pursuant to

all noted and discoverable violations.

    2. Award statutory damages for violations of FDCPA and FCRA.

    3. Award damages for emotional distress and mental anguish in

the amount of $40,000.00 as set forth in MCDCA 14-203.

    4. Award reasonable attorney fees, court costs, and expenses.

    5. Award any other relief the Court fines appropriate.

The Plaintiff demands a trial by jury on all issues.


Dated_____

Respectfully submitted,


_____
Jeffrey Steinbach
410-682-6193